IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAMUEL ADAM BUSH,

   Plaintiff,

    v.

GENE REEVES, JR., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-1315-TWT

OPINION AND ORDER

     This is a pro se civil rights action. It is before the Court on Defendants Gwinnett County Sheriff's Department and Gwinnett County's Joint Motion to Dismiss [Docs. 2 & 3], Defendant Gene Reeves Motion to Dismiss [Doc. 4], and Defendant Superior Court of Gwinnett County's Motion to Dismiss [Doc. 6]. For the reasons set forth below, the Defendants' motions are GRANTED.

I. BACKGROUND

     The Plaintiff, Samuel Adam Bush, had a claim filed against him in the Superior Court of Gwinnett County for failure to pay child support. The case was presided over by Defendant Gene Reeves, a Senior Magistrate Judge of Gwinnett County who was appointed by the Chief Magistrate to assist the superior court with its Support Division cases. As a result of these proceedings, an arrest warrant was issued against

the Plaintiff. While incarcerated in the Gwinnett County Detention Center, the Plaintiff claims that he was denied treatment for ongoing medical problems. When he was later released, he made a motion to modify the order that resulted in his arrest. In his hearing, the Plaintiff claims that Defendant Reeves denied his request to have the proceedings recorded by a court reporter. The Plaintiff also asserts that Defendant Reeves refused to make Findings of Fact and Conclusions of Law, to which the Plaintiff claims he was legally entitled. The Plaintiff has filed this lawsuit against Gwinnett County, the Gwinnett County Sheriff's Department, the Superior Court of Gwinnett County, and Judge Gene Reeves. In his suit, he makes several section 1983 claims against these Defendants. All of the Defendants have filed motions to dismiss.

## II.  MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See

Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id.

### III. DISCUSSION

A. Gwinnett County

The Plaintiff includes Gwinnett County among the Defendants in this lawsuit, apparently for his denial of treatment while in the Gwinnett County Detention Center and for the allegedly illegal actions taken by the Sheriff's Department and by Judge Reeves. A local government may not be held liable, however, under 42 U.S.C. § 1983 on a *respondeat superior* theory. Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978); Grech v. Clayton County, Ga., 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc). Instead, a county will be liable only if the plaintiff can establish that an official custom or policy of the county was the "moving force" behind the deprivation of a constitutional right. Board of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997); Grech, 335 F.3d at 1330. Consequently, to succeed on a section 1983 claim against a county, a plaintiff must demonstrate that a constitutional deprivation occurred: (1) pursuant to an officially promulgated policy; (2) as the result of a decision made by an official with final policymaking authority for the county; or

(3) as a result of actions taken pursuant to "custom or usage" with the force of law. Monell, 436 U.S. at 690-91.

A county is "liable under section 1983 only for acts for which the county is actually responsible." Grech, 335 F.3d at 1329 (quoting Marsh v. Butler County, 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc)); see Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986) ("[M]unicipal liability is limited to action for which the municipality is actually responsible."). Thus, a plaintiff (1) must show that the local governmental entity has authority and responsibility over the governmental function in issue, and (2) must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation. Grech, 335 F.3d at 1330 (citing Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989)).

As to the alleged denial of medical treatment at the Gwinnett County Detention Center, the Plaintiff has not alleged any facts to demonstrate a constitutional rights violation or shown how a policy of Gwinnett County was the moving force behind that violation. Furthermore, the detention center is run not by the County, but by the Sheriff. (Def. Gwinnett County's Mot. to Dismiss, at 6.) In Georgia, the sheriff's office is a separate, constitutionally created entity that is independent from the county. Ga. Const. art. IX, § 2, ¶ 1(c)(1). Although the sheriff is designated as a "county

officer," authority and control rather than labels govern the municipal liability analysis. Grech, 335 F.3d at 1332; see McMillian v. Monroe County, Ala., 520 U.S. 781, 786 (1997). The sheriff is not a county employee, and the county is precluded from controlling or affecting the sheriff's office or its personnel. Ga. Const. art. IX, § 2, ¶ 1(c)(1); Grech, 335 F.3d at 1333; Board of Comm'rs of Randolph County v. Wilson, 260 Ga. 482 (1990). Thus, any actions taken by the Sheriff's Department cannot be attributed to Gwinnett County for section 1983 purposes. Gwinnett County cannot be held liable for the actions of a sheriff's office over which it has no control.

The Plaintiff has similarly failed to demonstrate how Gwinnett County is responsible for the actions of the superior court or its officers. In fact, judicial circuits and courts are established through the Georgia State Constitution, and only the General Assembly has the authority to alter them. Ga. Const. art. VI, § 1, ¶ 6, 7. The Plaintiff has not offered any facts showing a County policy or custom that caused his alleged constitutional violations. Therefore, the Plaintiff's 1983 claims against Gwinnett County warrant dismissal.

B. Gwinnett County Sheriff's Department

The Plaintiff claims that he was denied treatment by the Gwinnett County Sheriff's Department while in the Gwinnett County Detention Center. The Eleventh

Amendment, however, protects a state from being sued in federal court without the state's consent, including suits against the state by its own citizens. Abusaid v. Hillsborough County Bd. of County Comm'rs, 405 F.3d 1298, 1303 (11th Cir. 2005); Manders v. Lee, 338 F.3d 1304, 1308 n.8 (11th Cir. 2003) (en banc). Eleventh Amendment immunity also extends to bar suits in federal court against state agents and state instrumentalities. Regents of the Univ. of Ca. v. Doe, 519 U.S. 425, 429 (1997). County sheriffs are classified as state agents because they assist the Governor in enforcing the law and keeping the peace. Grech, 335 F.3d at 1333. Indeed, "Georgia's Constitution grants the State legislature the exclusive authority to establish and to control a sheriff's powers and duties. Ga. Const. art. IX, § 1, ¶ 3(a)-(b)." Manders, 338 F.3d at 1310. A sheriff's office is thus entitled to sovereign immunity under section 1983.

   C. Judge Gene Reeves

It is "well-established" that judges are immune from damages "for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 554 (1967). The Supreme Court more recently clarified that a judge's immunity is "an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). A plaintiff may overcome judicial immunity only by showing that the judge either engaged in non-judicial actions or took actions where he had no

jurisdiction. Id. The Plaintiff appears to concede that Defendant Reeves's actions in this instance were judicial in nature, but disputes the judge's jurisdiction to hear the original claim.[1] (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 6-9.) An order from the Superior Court of Gwinnett County, however, gave Defendant Reeves the authority to preside over the case. (Def. Gene Reeves Mot. to Dismiss, Attach. 1.) Pursuant to O.C.G.A. § 15-1-9.1(b)(2), the chief judge of any court within a county, having determined that the court requires the assistance of additional judges, holds the authority to request such assistance from the chief judge of another court within that county.

The Plaintiff claims, however, that the special order in this instance created a legal conflict because it permitted the assigned judge to assist in "all proceedings in all matters connected with Support Division cases." (Id.) The Plaintiff argues that Defendant Reeves could only have held the authority to preside over his case if every superior court judge was suffering because of disability, illness or absence. (Pl.'s Resp. to Defs.' Mot. to Dismiss, at 7.) The statute, however, requires only that one

---

[1] Even if the Plaintiff had not conceded this point, Defendant Reeves's actions in this case–holding hearings and issuing orders–were certainly judicial in nature. See Stump v. Sparkman, 435 U.S. 349, 362 (1978) ("the factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.")

judge of the requesting court be unable to preside over the case.  O.C.G.A. § 15-1-9.1(b)(2).  The Plaintiff has presented no evidence to show that this requirement was not met in the present instance.  Thus, this Court holds that Defendant Reeves held proper jurisdiction to preside over the Plaintiff's case and is immune from this lawsuit.

### D. Superior Court of Gwinnett County

As stated above, Eleventh Amendment immunity bars suits in federal court against state agents and state instrumentalities.  Regents of the Univ. of Ca., 519 U.S. at 429.  A state instrumentality is entitled to Eleventh Amendment immunity when the nature of the entity is such that it should be treated as an "arm of the state" and recovery of money against that entity is, in essence, a recovery against the state.  Id. at 429-30; see Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977).  The Eleventh Circuit has explicitly held that Eleventh Amendment immunity applies to state courts.  Kaimowitz v. The Florida Bar, 996 F.2d 1151, 1155 (11th Cir. 1993).  Therefore, the Superior Court of Gwinnett County is also immune from this lawsuit.

## IV. CONCLUSION

For the reasons set forth above, the Defendants' Motions to Dismiss [Docs. 2, 3, 4 & 6] are GRANTED.  The Clerk is directed to close this file.

SO ORDERED, this 22 day of December, 2005.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge